```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
NAQUAN GLOVER,                                         :
                                                       :
                      Petitioner,                      :       ORDER
                                                       :       17-CV-1165 (WFK)
           v.                                          :
                                                       :
SUPERINTENDENT PATRICK KIRK,                           :
                                                       :
                      Respondent.                      :
-------------------------------------------------------x
```

**WILLIAM F. KUNTZ, II, United States District Judge:**

Naquan Glover ("Petitioner"), proceeding *pro se*, filed this petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 ("the Petition"), challenging his conviction for Manslaughter in the First-Degree and two counts of Criminal Possession of a Weapon in the Second Degree. Petitioner raised three grounds for relief: (1) that the State Courts erroneously upheld the prosecutor's reverse-*Batson* challenge to a preemptory strike against a juror; (2) ineffective assistance of trial counsel; and (3) Petitioner's 22-year sentence was excessive. By Decision and Order dated April 20, 2020, the Petition was denied on the merits. By letter dated May 12, 2020, Petitioner requests that the Court review its decision denying the *habeas* petition.[1] ECF No. 11. The Court liberally construes Petitioner's request as a motion pursuant to Federal Rule of Civil Procedure 60(b). For the reasons set forth below, Petitioner's motion is DENIED.

## STANDARD OF REVIEW

Rule 60(b) provides a party with the opportunity to seek relief from a prior judgment for the following reasons:

---

[1] Petitioner asserts that in addition to documents relating to his own action, the Court mistakenly sent him documents for another action. He claims that the aforementioned administrative error coupled with the COVID-19 pandemic, necessitates review of his action. *See* ECF No. 11.

1

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged . . .; (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *Harris v. United States*, 367 F.3d 74, 79 (2d Cir. 2004).

The Supreme Court has recognized that Rule 60(b) applies to *habeas* petitions and may be used to reopen a *habeas* proceeding. *See Gonzalez v. Crosby*, 545 U.S. 524, 534–35 (2005). Rule 60(b) is only available to attack the integrity of the habeas proceeding, though, not to challenge the underlying criminal conviction. *Harris*, 367 F.3d at 77. The decision whether to grant relief under Rule 60(b) is a matter of the district court's discretion. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). Relief under Rule 60 is considered "extraordinary judicial relief." *See, e.g., Harris,* 367 F.3d at 81; *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). The Court finds no grounds to grant Petitioner relief from the judgment.

Petitioner simply asks the Court to reconsider the decision denying his Petition. He argues in his motion that the Court in deciding his Petition "merely mimicked the lower courts decision" . . . and that "the higher court were obligated to rectify and regulate the indiscretions and faults of the lower courts." ECF No. 11. Broadly reading his motion, Petitioner argues the Court made a mistake or error when it agreed with the findings of the state court. To the extent Petitioner contends that this Court has misapplied the law, his claims fall within the ambit of Rule 60(b)(1) which "provides the district court with discretion to relieve a party from a final judgment or order because of 'mistake, inadvertence, surprise, or excusable neglect,' including the district court's own mistake of fact." *Niederland v. Chase,* 425 Fed. App'x 10, 11

2

(2d Cir. 2011) (quoting Fed. R. Civ. P. 60(b)(1)); *Tineo v. Heath*, 09-CV-3357, 2014 WL 4437466, at *2 (E.D.N.Y. Sept. 8, 2014) (Feuerstein, J.).

      The Court did not make a mistake in law or fact when ruling on the Petition and Petitioner is misguided in his understanding of the role of a district court when reviewing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The role of a federal *habeas* court is to consider whether a person is in custody pursuant to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). When a claim has been "adjudicated on the merits" in state court, a federal court may grant a *habeas* petition only where it finds adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Stuart v. Graham*, 18-CV-3071, 2020 WL 2092609, at *2 (E.D.N.Y. May 1, 2020) (Kuntz, J.). Petitioner's disagreement with this Court's resolution of his *habeas* petition is not grounds for relief under Rule 60(b)(1), and he has not presented any exceptional circumstances warranting relief under Rule 60(b)(6), and thus, the Court in its discretion denies Petitioner's request.

## CONCLUSION

Petitioner's motion for relief pursuant to Rule 60(b) accordingly is DENIED as lacking in merit. A certificate of appealability will not issue as the motion fails to raise any substantial issues. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States,* 369 U.S. 438, 444–45 (1962). The Clerk of the Court is directed to close the case.

**SO ORDERED.**

s/ WFK
HON. WILLIAM F. KUNTZ, II
U.S. DISTRICT JUDGE

Dated: June 16, 2021
Brooklyn, New York